Baldi v. Brown, et al.                    CV-04-206-SM  09/13/04
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


John A. Baldi,
     Plaintiff

     v.                                   Civil No. 04-206-SM
                                          Opinion No. 2004 DNH 133
Ronald Brown, Gail Brown,
Charles Russell, Gregory Bowen,
Town of Epsom,
     Defendants


                         **O R D E R**


     John A. Baldi has sued various combinations of defendants in

eleven counts.  Before the court is Baldi's motion for recusal on

grounds of bias, prejudice, and abuse of authority.  28 U.S.C. §

144.


     A party may invoke a statutory right to recusal of a federal

trial judge under certain circumstances.  The applicable statute

provides:


          Whenever a party to any proceeding in a district
     court makes and files a timely and sufficient affidavit
     that the judge before whom the matter is pending has a
     personal bias or prejudice either against him or in
     favor of any adverse party, such judge shall proceed no
     further therein, but another judge shall be assigned to
     hear such proceeding.

28 U.S.C. § 144.  Moreover, "[t]o require disqualification, the alleged bias or prejudice must be both '(1) personal, i.e., directed against a party, and (2) extrajudicial.'"  United States v. Kelley, 712 F.2d 884, 889 (1st Cir. 1983) (quoting United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979)).  Regarding the requirement that a judge's alleged bias be extrajudicial, "[f]acts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias."  Kelley, 712 F.2d at 889 (citations omitted).

As noted, the affidavit of a party seeking recusal must be "timely and sufficient."  Baldi's affidavit is not timely.  "A section 144 affidavit is not timely unless filed 'at the earliest moment after [the movant acquires] knowledge of the facts demonstrating the basis for such disqualification.'"  United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993) (quoting United States v. Barnes, 909 F.2d 1059, 1071 (7th Cir. 1990)) (internal quotation marks omitted).  In Sykes, the court held that an affidavit was untimely when it was based upon remarks

2

made on June 12, 1992, and was not filed until August 19, 1992. 7 F.3d at 1330 ("Two months after the allegedly prejudicial statement is certainly not 'at the earliest possible moment' after discovery of the prejudice.") (citation omitted). Similarly, in Green v. Branson, 108 F.3d 1296 (10th Cir. 1997), the court held that an affidavit was untimely when it was based on a ruling entered on September 26, 1994, but was not filed until November 1, 1994. Id. at 1305. Here, Baldi had knowledge of all the various "facts" alluded to in his affidavit at the time he filed suit on May 29, 2004. He knew no later than June 1, 2004, that the case had been assigned to me. Between July 8 and July 11, he filed five responsive pleadings in this case. Yet, he did not file his motion and affidavit until August 2.

While the court of appeals for this circuit has yet to address this precise issue, the standard set out in Sykes and Green seems reasonable. A section 144 affidavit ought to be filed promptly after the alleged grounds allegedly warranting recusal are known to the filer. Here, Baldi did not file his motion to recuse and supporting affidavit promptly after acquiring the purported knowledge upon which his motion is based.

3

So, initially, because Baldi's motion is not timely, he is not entitled to recusal.

Even if Baldi's motion is deemed timely, however, it is still legally insufficient. The evidence of bias Baldi posits consists entirely of judicial rulings made in a previous case over which I presided. His supporting affidavit asserts no extrajudicial source for any knowledge he claims I have concerning his alleged efforts to reveal so-called unlawful actions by government officials. Thus, his affidavit does not sufficiently allege any facts that would counsel, much less require, recusal. Kelley, 712 F.2d at 889.

While it is always tempting for a judge to simply recuse from cases, such as this, brought by frequent litigators with growing reputations for asserting weak and difficult to manage legal claims, nevertheless, a judge is as duty bound to sit when recusal is not appropriate as to recuse when it is appropriate. See Laird v. Tatum, 409 U.S. 824, 837 (1972) (citations omitted).

4

Because Baldi's motion for recusal (document no. 22) is both untimely and legally insufficient, it is, with regret, denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 13, 2004

cc:  John A. Baldi
     Charles A. Russell, Esq.